IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:20-cr-00070 |
| v. | ) | Judge Richardson |
| | ) | Magistrate Judge Frensley |
| ROY MICHEL NELLSCH | ) | |

## UNITED STATES' MOTION FOR DETENTION

The United States, by and through United States Attorney Donald Q. Cochran and Assistant United States Attorney Brooke Schiferle, hereby moves this Court to detain defendant pending proceedings in this matter, pursuant to 18 U.S.C. § 3142(f)(1)(B) and (E).

The government submits that a hearing is authorized in this matter pursuant to Sections 3142(f)(1)(B) and (E), because defendant is charged with an offense that carries a maximum sentence of life imprisonment and offenses involving minor victims. The government further submits, pursuant to Section 3142(e)(3)(E); a rebuttable presumption exists that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community because defendant is charged in the Indictment with violating Title 18, United States Code, Section 2252(a)(1) involving minor victims.

The United States submits that at a hearing in this matter it would show that the instant matter stems from an incident where the following occurred:

> Defendant is a long-haul trucker and has been for over forty years. On May 22, 2019, A.P. was stopped on the side of the highway on I-24 Eastbound near Exit 89, which is near Fort Campbell, Kentucky. A.P.'s vehicle had run out of gas and her phone was running out of charge, when defendant pulled over and offered her a ride to the next Exit, which is Exit 1, in Tennessee.
>
> A.P. got into the truck, and defendant started driving. He drove over the Kentucky-Tennessee state line and passed Exit 1. Then he passed the next exit (Exit 4). A.P., now scared, screamed at defendant, who pulled over at the next exit (Exit 8). Defendant pulled over on the exit ramp of Exit 8, pointed a small handgun at A.P., and told her that he was kidnapping her and was

going to rape her. He ordered her to get into the back part of the cab where there was a bed and ripped her dress. A.P. started resisting and was at some point in the struggle able to turn the gun around and pull the trigger aimed at defendant, but it did not fire. Defendant then produced a second, larger handgun, and used it to strike A.P. on her head. Defendant then handcuffed A.P., placed her on her stomach, and put a blanket over her. He told her to be quiet and that he would not kill her but was going to keep her for a couple of days. Defendant then began driving again. While he was driving A.P. was able to slip one hand out of the handcuffs, wrap the blanket over Defendant's head and put one arm around his throat while she steered and honked with the other hand. Simultaneously she was screaming at him to pull over and let her out. Defendant pulled over the truck and stopped it. Defendant told A.P. that he had never had anyone fight him like this before. Defendant agreed to let A.P. go, but first insisted on removing the handcuff from her arm. A.P. exited the truck and ran, flagging down oncoming traffic.

A Clarksville Police Officer responded to the scene and met A.P. She had a wound on the top of her head and most of her hair was covered with blood. Her dress was torn and she was wearing one shoe. A BOLO was put out for the tractor trailer.

A short time later, defendant's truck was observed driving in Springfield, Tennessee, and a traffic stop was performed. Defendant was arrested and in a brief security sweep of the truck, law enforcement recovered a full size Taurus Arms .40 semi-automatic pistol and a small Bryco Arms .25 semi-automatic pistol. Both were loaded.

The following items were located in the truck: blood stains on the steering wheel; hair with blood on the driver seat; bedsheets and blankets with blood stains; rope; handcuffs; A.P.'s purse, wallet, ID, phone and one shoe; a plastic Walmart bag with bloodstains on the outside that contained numerous pairs of women's underwear, some with blood stains; another plastic Walmart bag containing numerous bras; a bag containing dildos and vibrators; knives, clubs, ropes; various items of women's clothing; a stun gun; digital camera; cellphones; two laptop computers and several electronic storage devices.

An examination of the electronic devices found in the truck revealed the following: over 10,000 images and videos of child pornography, including videos of sexual violence against small children; photographs of adult women in sexual acts with titles that include the word 'rape'; chat conversations between defendant and other individuals who purported to offer for sale child pornography or actual children to be made available for sexual abuse; and a ledger with lists of names, ages, locations and descriptions of women and children.

These facts clearly demonstrate that defendant is a danger to the community. The United States submits that the evidence is strong and the likelihood of conviction is high. The United States respectfully submits that "no condition or combination of conditions will reasonably assure the appearance of the person and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

The United States requests a continuance of the detention hearing for three days in order to prepare for the hearing.

Respectfully submitted,

DONALD Q. COCHRAN
United States Attorney
Middle District of Tennessee

By: *s/ Brooke K. Schiferle*
Brooke K. Schiferle
Assistant United States Attorney
110 9th Avenue South, Suite A-961
Nashville, Tennessee 37203
Phone: 615-736-5151